# **EXHIBIT 1**

November 22, 2022

**Via E-Mail**

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701

Gene P. Hamilton
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003

NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
United States of America

Direct line +1 713 651 5218
carter.crow@nortonrosefulbright.com

Tel +1 713 651 5151
Fax +1 713 651 5246

Re:     Lowery v. Texas A&M University System et al., No. 4:22-cv-03091 (S.D. Tex.)

Dear Jonathan and Gene:

As you know from our earlier correspondence, Defendants intend to file a motion to dismiss the complaint in the above-referenced case. Pursuant to Rule 17(b) of Judge Eskridge's Court Procedures, I write to identify the pleading deficiencies that Defendants plan to raise in that motion.

First, Plaintiff cannot carry his burden to establish the court's subject-matter jurisdiction. At the outset, Plaintiff lacks standing to prosecute any of the claims asserted in the complaint. Plaintiff's bare allegation that he is "ready and able" to apply for a faculty appointment at Texas A&M University does not satisfy Article III. Moreover, Plaintiff's claims are not ripe.

Second, Counts 2 and 3 are barred by sovereign immunity. As a state agency, the Texas A&M University System (the "A&M System") and its employees and officers are entitled to sovereign immunity. Congress has not abrogated sovereign immunity for suits under 42 U.S.C. §§ 1981 and 1983, the A&M System has not waived its immunity with respect to such claims, and Plaintiff cannot avail himself of the narrow *Ex parte Young* exception as to the individual defendants.

Third, Counts 1, 2, and 3 fail as a matter of law.

As to Title VI: The statute supplies a private right of action only where federal funds directed primarily at providing employment are used in a discriminatory manner, and the initiative challenged by Plaintiff does not meet these conditions. In addition, Plaintiff is not within the statute's zone of interests, and the official-capacity claims are redundant of those against the A&M System.

As to Title IX: The complaint does not allege a claim for discrimination based on sex in faculty hiring and compensation at the A&M System. Moreover, claims of sex discrimination in public employment brought under Title IX are preempted by Title VII. And, as with Title VI, the Title IX official-capacity claims are redundant of those against the A&M System.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Jonathan F. Mitchell
Gene P. Hamilton
November 22, 2022
Page 2

NORTON ROSE FULBRIGHT

As to Section 1981: Fifth Circuit law forecloses a standalone claim against public entities for violations of Section 1981. To the extent that Plaintiff seeks to enforce Section 1981 through Section 1983, the A&M System is not a "person" within the meaning of that statute, and Plaintiff has not plausibly alleged an official policy or custom of discrimination at the A&M System, any acts directly attributable to the Regents, or a prospective contract between Plaintiff and any defendant that has been impaired by discrimination.

As to the Equal Protection Clause: The A&M System, again, is not a "person" within the meaning of Section 1983, and the Regents cannot be liable under Section 1983, as Plaintiff pleads no facts tying the Regents to the challenged acts or demonstrating an official policy or custom of discrimination at the A&M System. Furthermore, Plaintiff has not alleged a claim for an Equal Protection violation in the employment context.

Please let me know by close of business on November 29 if you would like to confer about any of the above. Otherwise, we will assume that Plaintiff disagrees with Defendants' position and is electing to stand on the pleadings, and Defendants will proceed with filing their motion to dismiss.

Very truly yours,

M. Carter Crow

cc: Layne E. Kruse (firm)

Paul Trahan (firm)

Ryan Meltzer (firm)

Jesika Silva Blanco (firm)