# **EXHIBIT 8**

**Ryan Meltzer**

| | |
|---|---|
| **From:** | M. Carter Crow |
| **Sent:** | Tuesday, January 31, 2023 4:30 PM |
| **To:** | Jonathan Mitchell; gene.hamilton@aflegal.org |
| **Cc:** | Layne E. Kruse; Paul Trahan; Ryan Meltzer |
| **Subject:** | RE: Lowery v. TAMU - Conference Letter re Motion to Dismiss |
| **Attachments:** | Lowery.pdf |

Jonathan and Gene,

Please see the attached letter sent pursuant to the Court's Local Rules regarding our intention to file a motion to dismiss the amended complaint. Please let us know if you would like to confer regarding any of the issues identified in the letter.

Thanks,

**M. Carter Crow** | Global Head of Employment & Labor
Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100, Houston, Texas  77010-3095, United States
Office Tel +1 713 651 5218 | Cell +1 713 922 9370
carter.crow@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

1

**NORTON ROSE FULBRIGHT**

January 31, 2023

**Via E-Mail**

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
United States of America

Direct line +1 713 651 5218
carter.crow@nortonrosefulbright.com

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, TX 78701

Tel +1 713 651 5151
Fax +1 713 651 5246

Gene P. Hamilton
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003

Re:   *Lowery v. Texas A&M University et al.*, No. 4:22-cv-03091 (S.D. Tex.)

Dear Jonathan and Gene:

Defendants intend to file a motion to dismiss the amended complaint in the above-referenced case. Pursuant to Rule 17(b) of Judge Eskridge's Court Procedures, I write to identify the pleading deficiencies that Defendants plan to raise in that motion.

First, Plaintiff still cannot carry his burden to establish the court's subject-matter jurisdiction. Plaintiff's new "facts related to standing" do not show a concrete, particularized, and actual or imminent injury to Plaintiff that can satisfy Article III, and, for similar reasons, Plaintiff's claims are not ripe.

Second, Counts 2 and 3 remain barred by sovereign immunity. Congress has not abrogated sovereign immunity for suits under Sections 1981 and 1983, Texas A&M University ("TAMU") has not waived its immunity with respect to such claims, and Plaintiff has not made out the narrow *Ex parte Young* exception as to the individual defendants.

Third, Counts 1, 2, and 3 continue to fail as a matter of law.

As to Title VI: Plaintiff has not shown that any of the initiatives challenged in the pleadings trace to federal funding with the primary objective of providing employment, let alone that such initiatives constitute illegal discrimination. In addition, Plaintiff is not within the statute's zone of interests, and the official-capacity claims are redundant of those against TAMU.

As to Title IX: The complaint contains no well-pleaded factual allegations regarding the ongoing consideration of sex in faculty hiring and compensation at TAMU. Moreover, claims of sex discrimination in public employment brought under Title IX are preempted by Title VII, and, as with Title VI, the Title IX official-capacity claims are redundant of those against TAMU.

As to Section 1981: Fifth Circuit law forecloses a standalone claim against public entities and officials for violations of Section 1981, and Plaintiff still has not plausibly alleged any prospective contract between Plaintiff and any defendant that has been impaired by discrimination.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Jonathan F. Mitchell
Gene P. Hamilton
January 31, 2023
Page 2

NORTON ROSE FULBRIGHT

As to the Equal Protection Clause: Plaintiff still has not plausibly alleged any of the elements of an Equal Protection claim in the employment context, including that Plaintiff was qualified for the position at issue and experienced an adverse employment action.

Please let me know by the close of business on February 7 if you would like to confer about any of the above. Otherwise, we will assume that Plaintiff disagrees with Defendants' position and is electing to stand on the pleadings, and Defendants will proceed with filing their motion to dismiss.

Very truly yours,

M. Carter Crow

MC
cc:   Layne E. Kruse (firm)

Paul Trahan (firm)

Ryan Meltzer (firm)

Jesika Silva Blanco (firm)