IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD LOWERY, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TEXAS A&M UNIVERSITY; M. KATHERINE BANKS, in her official capacity as President of Texas A&M University; ALAN SAMS, in his official capacity as Interim Provost and Vice President for Academic Affairs for Texas A&M University; ANNIE S. MCGOWAN, in her official capacity as Vice President and Associate Provost for Diversity at Texas A&M University; and N.K. ANAND, in his official capacity as Vice President for Faculty Affairs at Texas A&M University,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § §  Civil Action No. 4:22-cv-3091 |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

PAUL D. TRAHAN
RYAN E. MELTZER
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701

M. CARTER CROW
LAYNE E. KRUSE
JESIKA SILVA BLANCO
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

# INTRODUCTION

Despite confronting a factual challenge to federal jurisdiction, Plaintiff presents no new material facts supporting his standing, as a deliberate non-applicant, to press claims of hypothetical employment discrimination at TAMU, let alone showing any hardship from deferring those unripe claims. Rather, Plaintiff's declaration confirms he has no concrete intention to apply imminently to TAMU, and his reasons for refusing that simple step are a pretense to manufacture standing. Further, the ACES Plus program central to Plaintiff's complaint is race- and gender-neutral, and the one school where Plaintiff professes interest—Mays Business School ("Mays")—has never participated in it. And Plaintiff's other allegations evince no actual, ongoing discrimination at Mays, much less at TAMU at large. Article III demands more.

Plaintiff fares no better on the merits. Each claim is either groundless or foreclosed by Fifth Circuit precedent. Tellingly, Plaintiff cites no case allowing claims like his—claims for prospective relief from employment discrimination brought by a non-applicant who alleges no actual employment decision and no actual victim—to withstand Rule 12(b)(6).

# ARGUMENT

## I. Plaintiff Fails to Establish Subject-Matter Jurisdiction

Under Rule 12(b)(1), Plaintiff must prove federal jurisdiction by a preponderance of the evidence. *Superior MRI Servs. v. Alliance Healthcare Servs.*, 778 F.3d 502, 504 (5th Cir. 2015). Plaintiff attempts to carry his burden through a declaration affirming paragraphs 34–44 of his complaint, restating those allegations, and purporting to explain his disparate treatment of Florida and TAMU and clarify his relationship with UT. *See* Lowery Decl. ¶¶ 3–

20 (Dkt. 25-1). Against the full record, these "facts" fail to prove Plaintiff's standing to press each of his claims and to obtain his desired sweeping relief.

At the outset, Plaintiff's declaration supplies no proof of any injury. The restated allegations concern whether Plaintiff "stands 'able and ready' to apply" to TAMU. *Id.* ¶¶ 3–15; FAC ¶¶ 34–44 (Dkt. 19). The remaining facts, by Plaintiff's account, are directed at "reaffirming his interest" in TAMU, Opp. 3 (Dkt. 25), and proving it "genuine," Lowery Decl. ¶¶ 16–20. Nowhere does Plaintiff identify any "concrete, particularized, and actual or imminent" harm caused to him—or anyone else—by the hiring initiatives he challenges in the abstract. *Earl v. Boeing Co.*, 53 F.4th 897, 901 (5th Cir. 2022).

The legal sufficiency of Plaintiff's sole claimed injury—the loss of an opportunity to "compete on an even playing field," Lowery Decl. ¶ 12—therefore depends on his theory that an application is unnecessary because he is "able and ready" to apply and the selection process is discriminatory, Opp. 1, 4–5. The record, however, bears out neither of these premises. Regarding "able and ready," Plaintiff's declaration indicates only that he is "actively looking for employment opportunities," is interested in TAMU, and has taken steps to "generat[e] interest" from Mays and to "set up" a new college at TAMU. Lowery Decl. ¶¶ 4, 10, 13–14, 18. To the extent these facts bear at all on Plaintiff's ***immediate*** readiness to join TAMU, they are outweighed by evidence that Plaintiff has no concrete intent to apply in the near future, has purposefully avoided doing so to concoct standing, and has identified no open position at Mays for which he is eligible but cannot fairly compete.

It is undisputed, for example, that Plaintiff applied for a position at Florida "notwithstanding its current professions of commitment to diversity." *Id.* ¶ 17. His

explanation—that he "expect[s]" Florida to "soon get rid of DEI" and he applied to a college "set up to be free of DEI," *id.*—ignores that similar measures have been proposed in Texas. It also misses the point. Plaintiff's application to Florida, a similarly situated university, reveals that he faces no real barrier to applying to TAMU, and any claim that he "would have already applied" lacks credibility. Indeed, Plaintiff *still* has not applied to TAMU, even after the university released a clarifying memorandum on ACES Plus, Dkt. 22-2, and TAMU's Chancellor announced guidance standardizing faculty applications to eliminate diversity statements, Anand Decl. Ex. 1—developments mooting key aspects of Plaintiff's claims.

Likewise, it is undisputed that Plaintiff is suing UT to prevent it from "fir[ing]" him. Lowery Decl. ¶ 19. In that lawsuit, which requests only prospective relief, Plaintiff seeks to enjoin UT from "reducing his pay" or "job responsibilities," and he has filed declarations affirming his commitment to UT's Salem Center and showing that his annual appointment was renewed on September 19, 2022—nine days after he filed *this* lawsuit. Dkt. 22-5 at 24–25; Crow 2d Decl. Ex. 10 ¶¶ 6, 61–62, Ex. 11 ¶ 12. These are not the actions of one who stands "'able and ready' to apply for a vacancy in the reasonably imminent future." *Carney v. Adams*, 141 S. Ct. 493, 501–02 (2020).

Plaintiff's declaration supplies additional evidence of his "some day intentions" and "desire to vindicate his view of the law." *Id.* He ties his interest in TAMU to another remote contingency—a potential new college from which he "could hold a joint appointment"—and, three paragraphs later, describes TAMU as "awful." Lowery Decl. ¶¶ 18, 21.

Regarding discrimination, the specific initiatives that Plaintiff challenges evince no actual, ongoing discrimination in hiring—let alone any affecting Plaintiff, who "wishes to

- 3 -

obtain an appointment" only from Mays, Opp. 5–6. ACES Plus is race- and gender-neutral, has yielded no hires, and *is not administered at Mays*. Dkt. 22-2; Anand Decl. ¶ 5. The "reserved" hiring line at Mays was described in vague and contingent terms ("potentially" a new position of unspecified tenure status), Dkt. 19-2, and *does not exist*, Anand Decl. ¶ 7. And ACES Fellows, like ACES Plus, *is not administered at Mays* and is further limited to "*early career PhDs*." Dkt. 22-4; Anand Decl. ¶ 4. Although Plaintiff claims "a university-wide problem," Opp. 6, the only other pleaded facts concern past actions by Dr. Banks at one of TAMU's *seventeen* colleges and an advisory vote of TAMU's Faculty Senate, Dkt. 22 at 5. These facts show no actual or imminent injury to Plaintiff, nor do they confer standing to demand university-wide relief. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021); *cf. Albuquerque Indian Rights v. Lujan*, 930 F.2d 49, 56 (D.C. Cir. 1991) (no standing if "no realistic possibility" of receiving position after "illegality" corrected).

Insofar as Plaintiff implies an application would be futile, *see* Opp. 5 (citing *Teamsters v. United States*, 431 U.S. 324 (1977)), that narrow exception is unavailing. Such a claim "usually requires a showing" that the applicant "was deterred by a known and consistently enforced policy of discrimination." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999). "[S]peculative" evidence will not suffice. *Id.* But that is all Plaintiff musters—despite alleging that TAMU "has been systematically discriminating and continues to systematically discriminate" against white and Asian men, FAC ¶ 22, Plaintiff cannot identify a *single* such candidate who applied to join Mays (or any TAMU college) and was discriminatorily rejected. In fact, since July 2022, Mays has posted eight tenured or tenure-track faculty openings and made six hires—two white men, one Asian

- 4 -

man, and three Asian women. Anand Decl. ¶ 8. Against this backdrop, and with no countervailing facts, Plaintiff cannot satisfy Rule 12(b)(1) simply by asking the Court to assume his application would be a "futile gesture," *Teamsters*, 431 U.S. at 366. Rather, all evidence suggests that Plaintiff will not apply to TAMU because he knows his application will be fairly considered under TAMU's current hiring policies. Article III is not so easily manipulated. *Cf. Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013) (plaintiffs "cannot manufacture standing" by "inflicting harm on themselves" based on "fears of hypothetical future harm that is not certainly impending").

*Clapper* captures Plaintiff's ripeness predicament as well. Hardship is required even when a case presents "purely legal questions," *Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010), and the only hardship Plaintiff alleges—again, no proof—is his own refusal to apply to TAMU based on a "fear[] of hypothetical future" discrimination, *Clapper*, 568 U.S. at 416.

Lastly, Plaintiff misstates his *Ex parte Young* burden. *See* Opp. 8. Defendants must "both possess 'the authority to enforce the challenged law' and have a 'sufficient connection [to] the enforcement of the challenged act.'" *Haverkamp v. Linthicum*, 6 F.4th 662, 670 (5th Cir. 2021). The "analysis is 'provision-by-provision.'" *Tex. All. for Retired Ams. v. Scott*, 28 F.4th 669, 672 (5th Cir. 2022). The main tie linking Defendants to the alleged federal violations—and the only one touching Drs. McGowan and Anand—is the announcement of ACES Plus. *See* Opp. 8–9. That program violates no law, and Plaintiff lacks standing to challenge it. Plaintiff's remaining allegations concern past events or are

framed broadly enough to preclude sovereign immunity for any university administrator in employment litigation. *See* Dkt. 22 at 13; *cf.* Opp. 10 (claiming an "inherent" relationship).

## II. Plaintiff Fails to State a Claim

First, Plaintiff recognizes that Fifth Circuit law forecloses a private Title VI claim for employment discrimination absent proof that defendants are misusing federal funds whose "primary objective" is "to provide employment." *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 706 n.9 (5th Cir. 1994); *see* Opp. 12. This was no mere dictum: The Court recited the elements of a private Title VI action to support its holding that the plaintiffs had abandoned any such claim, *NAGE*, 40 F.3d at 705–06, and the defendant–appellee briefed the topic, Supplemental Brief of Appellee at 3, 8, *NAGE*, 40 F.3d 698, 1993 WL 13099412. This Court is bound by the Fifth Circuit's construction of Title VI, notwithstanding Plaintiff's preferred reading of the statute. This Circuit, moreover, is no outlier. *See Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1531 & n.8 (10th Cir. 1995) (citing cases); Dkt. 22 at 14–15.

Second, Plaintiff admits he invokes Title IX because he lacks recourse to Title VII. *See* Opp. 14–15. But that is precisely why Title VII preemption exists—so a plaintiff alleging sex discrimination in public employment, for which Title VII provides a remedy, cannot circumvent that comprehensive scheme by proceeding under Title IX. *See Lakoski v. James*, 66 F.3d 751, 755–58 (5th Cir. 1995). It is unsurprising, then, that courts have extended *Lakoski* to injunctive claims, Dkt. 22 at 16, and Plaintiff cites no precedent embracing his loophole theory. Further, Plaintiff still identifies no specific facts demonstrating ongoing sex discrimination at Mays (or TAMU broadly), insisting only that his allegations "must

be assumed true." Opp. 14. His reliance on *Iqbal* is counterproductive, given the Court's directive that Rule 8 embodies a plausibility standard that rejects "conclusions" and "naked assertion[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Third, Plaintiff's Section 1981 claim turns on the premise that he "has adequately alleged a 'prospective contract'" with TAMU by showing he "stands 'able and ready' to apply." Opp. 15. Again, Plaintiff's allegations are deficient. *Supra* pp. 1–5. And his cases are distinguishable. *See Comcast Corp. v. Nat'l Ass'n of African-Am. Owned Media*, 140 S. Ct. 1009, 1013 (2020) (failed negotiations); *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 378–80 (1982) (union relations); *cf.* Dkt. 22 at 17.

Finally, Plaintiff's Equal Protection claim also falls with his "able and ready" allegations. His only rejoinder—that the Title VII framework is "irrelevant" because he "is not seeking relief for a particular discriminatory action directed at him," Opp. 16—is a non sequitur that underscores his lack of harm. At minimum, Plaintiff must plead facts showing purposeful discrimination resulting in an actual or imminent violation of his rights. *See, e.g.*, *Chu v. Miss. State Univ.*, 901 F. Supp. 2d 761, 779–80 (N.D. Miss. 2012).

## CONCLUSION

The complaint should be dismissed. If, however, the Court believes Plaintiff's declaration meets his Rule 12(b)(1) burden, Defendants respectfully request an evidentiary hearing to test Plaintiff's assertions.

Dated: March 27, 2023

Respectfully submitted,

*/s/ M. Carter Crow*
    M. Carter Crow
    State Bar No. 05156500
    carter.crow@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:   (713) 651-5151
Facsimile:    (713) 651-5246

Attorney-in-Charge for Defendants Texas A&M University, M. Katherine Banks, Alan Sams, Annie S. McGowan, and N.K. Anand

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
Layne E. Kruse
State Bar No. 11742550
layne.kruse@nortonrosefulbright.com
Paul Trahan
State Bar No. 24003075
paul.trahan@nortonrosefulbright.com
Ryan Meltzer
State Bar No. 24092821
ryan.meltzer@nortonrosefulbright.com
Jesika Silva Blanco
State Bar No. 24098428
jesika.blanco@nortonrosefulbright.com

## **CERTIFICATE OF WORD COUNT**

Pursuant to Rule 18(c) of this Court's Procedures, I hereby certify that, according to Microsoft Word, Defendants' Reply in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint contains 2,000 words, exclusive of the case caption, table of contents, table of authorities, signature block, and certificates.

                                                */s/ M. Carter Crow*
                                                M. Carter Crow

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.3, I hereby certify that Defendants' Reply in Support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint has been served on all parties today, March 27, 2023, via CM/ECF.

*/s/ M. Carter Crow*
M. Carter Crow