IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD LOWERY, on behalf of himself and others similarly situated, § § § § Plaintiff, § § v. § § TEXAS A&M UNIVERSITY et al., § § Defendants. § | Civil Action No. 4:22-cv-3091 |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY ON NEW STATE LAW

Defendants respectfully submit this Notice of Supplemental Authority to advise the Court of the passage of a state law that bears directly on the justiciability of Plaintiff's claims.

On May 28, 2023, the Texas Legislature passed Senate Bill 17, captioned an act "relating to diversity, equity, and inclusion initiatives at public institutions of higher education." Tex. S.B. 17, 88th Leg., R.S. (2023) (to be codified at Tex. Educ. Code § 51.3525) (Ex. 1). The bill amends the Texas Education Code to bar the establishment or maintenance of a "diversity, equity, and inclusion office" at any state institution of higher education. *Id.* § 1, sec. 51.3525(a), (b)(1)(A). In addition, the bill specifically directs the governing board of any such institution to "ensure that each unit of the institution" does not, "except as required by federal law": (1) "compel, require, induce, or solicit any person to provide a diversity, equity, and inclusion statement or give preferential consideration to any person based on the provision of a diversity, equity, and inclusion statement"; or (2) "*give preference on the basis of race, sex, color, ethnicity, or national origin to an*

- 1 -

***applicant for employment***, an employee, or a participant in any function of the institution." *Id.* § 1, sec. 51.3525(b)(1)(C), (D) (emphasis added). Governor Abbott is expected to approve the bill, which will "appl[y] beginning with the spring semester of the 2023-2024 academic year," and will take effect on January 1, 2024. *Id.* §§ 3(a), 4.

Senate Bill 17 takes this case even further beyond the bounds of Article III. Plaintiff's already deficient proof of standing, premised on his refusal to apply for a faculty appointment at Texas A&M University for fear of hypothetical future discrimination at the hands of the university's Office for Diversity, has now lost all force. Not only did Plaintiff attempt to justify his contradictory decision to submit an application to the University of Florida on his "expect[ation] that Florida will soon get rid of DEI at public universities," Lowery Decl. ¶ 17 (Dkt. 25-1), but the intended effect of Senate Bill 17 on public-university faculty hiring eliminates any "certainly impending" threat of future harm to Plaintiff, as well as any hardship from withholding judicial review.

Moreover, Senate Bill 17 moots Plaintiff's claims. "[A]ny set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Freedom from Religion Found. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023) (quoting *DeOtte v. Nevada*, 20 F.4th 1055, 1064 (5th Cir. 2021)). Here, Plaintiff seeks declaratory and injunctive relief from the very practices—and offices—that Senate Bill 17 outlaws: He requests an order: (1) "permanently enjoin[ing] the defendants from considering race or sex in the appointment, promotion, or compensation of faculty"; (2) "appoint[ing] a court monitor to oversee all decisions relating to the appointment, promotion, and compensation of faculty at Texas A&M University to ensure that these decisions are free from race and

sex discrimination of any sort"; and (3) "appoint[ing] a court monitor to oversee the 'diversity office' at Texas A&M University to ensure that it does not aid or abet violations of the nation's civil-rights laws." FAC ¶ 66(d), (e), (f) (Dkt. 19). Where, as here, the plaintiff's asserted injury is tied to a practice that is discontinued by legislation, and his desired injunction can no longer be awarded, the case is moot. *See Freedom from Religion Found.*, 58 F.4th at 832–33.

For these reasons, in addition to the grounds detailed in the briefing on Defendants' motion to dismiss, Dkt. 22, 26, the complaint should be dismissed.

Dated: May 30, 2023

Respectfully submitted,

/s/ M. Carter Crow
M. Carter Crow
State Bar No.  05156500
carter.crow@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:   (713) 651-5151
Facsimile:    (713) 651-5246

Attorney-in-Charge for Defendants Texas A&M University, M. Katherine Banks, Alan Sams, Annie S. McGowan, and N.K. Anand

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
Layne E. Kruse
State Bar No.  11742550
layne.kruse@nortonrosefulbright.com
Paul Trahan
State Bar No.  24003075
paul.trahan@nortonrosefulbright.com
Ryan Meltzer
State Bar No.  24092821
ryan.meltzer@nortonrosefulbright.com
Jesika Silva Blanco
State Bar No.  24098428
jesika.blanco@nortonrosefulbright.com

## **CERTIFICATE OF WORD COUNT**

Pursuant to Rule 18(c) of this Court's Procedures, I hereby certify that, according to Microsoft Word, Defendants' Notice of Supplemental Authority on New State Law contains 593 words, exclusive of the case caption, signature block, and certificates.

*/s/ M. Carter Crow*
M. Carter Crow

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.3, I hereby certify that Defendants' Notice of Supplemental Authority on New State Law has been served on all parties today, May 30, 2023, via CM/ECF.

*/s/ M. Carter Crow*
M. Carter Crow