UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| **Richard Lowery**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Texas A&M University System**, et al.,<br><br>Defendants. | Civil Action No.<br>4:22-cv-3091<br><br>Judge Charles Eskridge |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING SENATE BILL 17**

A litigant's Article III standing is determined by the world that existed on the day the complaint was filed, and is unaffected by post-filing events. *See Carney v. Adams*, 141 S. Ct. 493, 499 (2020) ("[S]tanding is assessed 'at the time the action commences'" (quoting *Friends of the Earth, Inc.* v. *Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 191 (2000)); *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) ("[T]he standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed."); *see also Friends of the Earth*, 528 U.S. at 189–90 (explaining distinction between standing and mootness). The defendants are wrong to suggest that Senate Bill 17 affects the Article III standing inquiry in any way. *See* Notice, ECF No. 28, at 2 (claiming that Mr. Lowery's "proof of standing . . . has now lost all force."); *id.* (arguing that Senate Bill 18 "eliminates any 'certainly impending' threat of future harm

to Plaintiff," which pertains to standing rather than mootness, *see Friends of the Earth*, 528 U.S. at 190).

Senate Bill 17 is relevant only to whether this case has become moot, and the burden of proving mootness rests with the defendants, not the plaintiffs. *See Friends of the Earth*, 528 U.S. at 190; *Franciscan Alliance, Inc. v. Becerra*, 47 F.4th 368, 376 (5th Cir. 2022). The enactment of Senate Bill 17 will not moot this case for numerous reasons. First, the defendants do not even assert (let alone prove) that they will comply with Senate Bill 17. The defendants, like nearly all universities, have been violating the statutory non-discrimination requirements of Title VI and Title IX for years by discriminating in favor of women and non-Asian racial minorities in their faculty hiring—and the ACES Plus memo of July 8, 2022, explicitly endorsed race-based hiring and proportional racial representation on the Texas A&M faculty. *See* First Amended Complaint, ECF No. 19, at ¶¶ 5–19. The defendants did all of this in the teeth of Title VI, which explicitly outlaws racial discrimination at universities that receive federal funds, and they walked back their plans only after Mr. Lowery sued them. The notion that the defendants will suddenly comply with *this* soon-to-be-enacted anti-discrimination law when they have been violating (and continue to violate) extant federal anti-discrimination statutes is not credible, and it cannot be accepted in the absence of proof.

Second, if the state has indeed changed its law in a manner that ends race and sex preferences at Texas A&M and other state universities, that is an act of "voluntary cessation," and the defendants bear the burden of showing that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth*, 528 U.S. at 189; *Franciscan Alliance*, 47 F.4th at 376; *Parents*

*Involved in Community Schools v. Seattle School District No. 1*, 551 U.S. 701, 719 (2007). Changes to a pre-existing legal regime fall within the voluntary-cessation doctrine, *see Franciscan Alliance*, 47 F.4th at 376, and the defendants have made no attempt to meet the "heavy burden" that attaches whenever a litigant attempts to moot a lawsuit by changing its behavior.

Finally, Senate Bill 17 does not moot or affect claims that Mr. Lowery might have for nominal or compensatory damages, and the defendants appear to acknowledge as much. *See* Notice, ECF No. 28, at 2 (indicating that Senate Bill 17 pertains only to claims that "seek[] declaratory and injunctive relief"); *Sapp v. Renfroe*, 511 F.2d 172, 176, n.3 (5th Cir. 1975) (a catch-all request for "all other relief that the Court deems just, proper, or equitable" suffices to preserve a claim for damages"); Fed. R. Civ. P. 54(c) (same); *see also Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021) (claim for nominal damages sufficient to satisfy Article III's case-or-controversy requirement). Mr. Lowery has preserved any claim that he might have for retrospective relief and may continue to pursue those claims regardless of whether Senate Bill 17 affects the propriety of a declaratory judgment or injunction.

## CONCLUSION

The motion to dismiss should be denied.

Respectfully submitted.

| | |
|---|---|
| | /s/ Jonathan F. Mitchell |
| Gene P. Hamilton | Jonathan F. Mitchell |
| Virginia Bar No. 80434 | *Attorney in Charge* |
| Vice-President and General Counsel | Texas Bar No. 24075463 |
| America First Legal Foundation | S.D. Tex. Bar No. 1133287 |
| 300 Independence Avenue SE | Mitchell Law PLLC |
| Washington, DC 20003 | 111 Congress Avenue, Suite 400 |
| (202) 964-3721 (phone) | Austin, Texas 78701 |

gene.hamilton@aflegal.org

Dated: May 31, 2023

(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff and
the Proposed Class*

## CERTIFICATE OF SERVICE

I certify that on May 31, 2023, I served this document through CM/ECF upon:

M. Carter Crow
Layne E. Kruse
Paul Trahan
Ryan Meltzer
Jesika Silva Blanco
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 (phone)
(713) 651-5246 (fax)
carter.crow@nortonrosefulbright.com
layne.kruse@nortonrosefulbright.com
paul.trahan@nortonrosefulbright.com
ryan.meltzer@nortonrosefulbright.com
jesika.blanco@nortonrosefulbright.com

*Counsel for Defendants*

                                                 /s/ Jonathan F. Mitchell
                                               Jonathan F. Mitchell
                                               *Counsel for Plaintiff and the Proposed Class*