# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RICHARD LOWERY, on behalf of himself and others similarly situated, § § § § Plaintiff, § § v. § § TEXAS A&M UNIVERSITY; M. § KATHERINE BANKS, in her official § capacity as President of Texas A&M § University; ALAN SAMS, in his official § capacity as Interim Provost and Vice § President for Academic Affairs for Texas § A&M University; ANNIE S. § MCGOWAN, in her official capacity as § Vice President and Associate Provost for § Diversity at Texas A&M University; and § N.K. ANAND, in his official capacity as § Vice President for Faculty Affairs at § Texas A&M University, § § Defendants. § | Civil Action No. 4:22-cv-3091 |

## DEFENDANTS' SUPPLEMENTAL BRIEF ON JUSTICIABILITY

PAUL D. TRAHAN
RYAN E. MELTZER
NORTON ROSE FULBRIGHT US LLP
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701

M. CARTER CROW
LAYNE E. KRUSE
JESIKA SILVA BLANCO
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

In this action, Plaintiff alleges that TAMU has been discriminating against white and Asian men in faculty hiring—a state of affairs that, in his view, excuses him from even applying. Plaintiff repeatedly traces this hypothetical discrimination to one source: diversity, equity, and inclusion initiatives at TAMU, administered in coordination with the university's Office for Diversity. *See* FAC ¶¶ 15, 22, 23, 26, 29, 32 (Dkt. 19). In fact, Plaintiff alleges that the very "existence" of "so-called diversity, equity, and inclusion offices" is "encouraging wholesale violations of civil-rights laws throughout our nation's university system." *Id.* ¶ 11. Accordingly, in addition to declaratory relief, Plaintiff demands an order: (1) "permanently enjoin[ing] the defendants from considering race or sex in the appointment, promotion, or compensation of [TAMU's] faculty"; and (2) appointing a "court monitor" to (i) "oversee all decisions relating to the appointment, promotion, and compensation of faculty at [TAMU] to ensure that these decisions are free from race and sex discrimination of any sort" and (ii) "oversee the 'diversity office' at [TAMU]." *Id.* ¶ 66. He makes no demand for damages, nominal or otherwise. *See id.*

As detailed in Defendants' Notice of Supplemental Authority, Dkt. 28, Texas has now enacted a statute that provides Plaintiff with the precise relief he seeks. Senate Bill 17, captioned an act "relating to diversity, equity, and inclusion initiatives at public institutions of higher education," was signed into law on June 17, 2023. Tex. S.B. 17, 88th Leg., R.S. (2023) (codified at Tex. Educ. Code § 51.3525). Under the new law, beginning January 1, 2024, the governing board of any public institution of higher education "shall ensure that each unit of the institution" does not, "except as required by federal law": (1) "establish or maintain a diversity, equity, and inclusion office," either directly or through a third party;

(2) "compel, require, induce, or solicit any person to provide a diversity, equity, and inclusion statement or give preferential consideration to any person based on the provision of a diversity, equity, and inclusion statement"; or (3) "give preference on the basis of race, sex, color, ethnicity, or national origin to an applicant for employment, an employee, or a participant in any function of the institution." *Id.* § 51.3525(b)(1)(A)–(D). TAMU is now in the process of implementing this law. *See* Ex. 1 (TAMUS Memo (June 26, 2023)).

The enactment of Senate Bill 17 dispels any lingering doubt as to the justiciability of this case. Not only has Plaintiff failed to carry his burden under Rule 12(b)(1) to establish his standing as a factual matter to press each of his claims,[1] but judicial review is now foreclosed on grounds of either mootness or ripeness. It is axiomatic that "Article III restrict[s] [federal] jurisdiction to cases and controversies." *Freedom from Religion Found. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023) ("*FFRF*"). And "[t]here must be a case or controversy through all stages of a case—not just when a suit comes *into* existence but *throughout* its existence." *Id.* (quoting *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018)).

As to mootness, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Id.* (quoting *DeOtte v. Nevada*,

---

[1] Plaintiff's suggestion at the May 31 hearing that his burden is lighter at the pleadings stage on a factual challenge to federal jurisdiction is contrary to Fifth Circuit law. *See, e.g.*, *Kling v. Hebert*, 60 F.4th 281, 284–85 (5th Cir. 2023) (rejecting argument that "it is improper to consider any evidence outside the pleadings at the Rule 12 stage" and "[s]o long as a plaintiff has pleaded a justiciable remedy, there can be no question of the court's subject matter jurisdiction until summary judgment" as contrary to "ample precedent in this circuit and others supporting factual attacks via Rule 12(b)"); *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 173 n.1 (5th Cir. 2018) (per curiam) (same, in context of standing). This alone is dispositive. *See Dep't of Educ. v. Brown*, 600 U.S. ----, slip op. at 6, 9–10 (2023).

20 F.4th 1055, 1064 (5th Cir. 2021)). Statutory changes that discontinue a challenged practice generally meet this standard. *See FFRF*, 58 F.4th at 832 (citing cases). The en banc Fifth Circuit applied this principle near-unanimously earlier this year in *Daves v. Dallas County, Texas*, 64 F.4th 616 (5th Cir. 2023). There, the Court held that "substantial changes made by the Texas legislature to procedures for assessing bail" mooted claims for injunctive relief against Dallas County's pretrial bail system. *Id.* at 633. Noting that the new state law was "enacted after the initial panel decision in this case and pending our en banc review," the Fifth Circuit agreed with the district court that the plaintiffs' claims had become non-justiciable. *Id.* at 633–34. "To rule on the status of S.B. 6 and its procedures at this point, based on evidence largely generated during proceedings that occurred pre-amendment," the Court wrote, "would constitute no more than an advisory opinion." *Id.* at 634. Moreover, the fact that the named plaintiffs did not have experience under the new law "calls into question their ability to pursue this litigation for ongoing injunctive relief as injured parties, much less class representatives." *Id.* As for the plaintiffs' efforts to resist mootness, the Court was unequivocal: "Voluntary cessation is not involved here," and the argument that the County's bail practices "remain unconstitutional irrespective of S.B. 6" is "incoherent" given that the statute "specifically requires" the very measures the plaintiffs sought. *Id.* at 634–35.

*Does 1–7 v. Round Rock Independent School District*, 540 F. Supp. 2d 735 (W.D. Tex. 2007) ("*RRISD*"), is similarly instructive. There, the plaintiffs sued a school district to challenge its policy of allowing the graduating classes at its high schools to vote on whether to have a student say a prayer at commencement. *Id.* at 739. Before the plaintiffs filed suit, several things happened: the student votes took place; three of the district's four

schools offered student-led prayers at commencement; and the Texas legislature enacted a statute creating a limited public forum at graduations and prohibiting discrimination against "a student speaker's 'voluntary expression of a religious viewpoint.'" *Id.* at 739, 743. The Court held that the plaintiffs' request for injunctive and declaratory relief was moot in light of the new law. *Id.* at 745–46. "Although the statute does not explicitly forbid the specific [voting] practice" at issue, the Court wrote, "such a practice is inconsistent with the clearly expressed purpose of the statute." *Id.* at 745. As a result, "an injunction requiring the School District to refrain from holding future votes on student invocations would be nothing more than an injunction to 'follow the law.'" *Id.* The Court also rejected the plaintiffs' proposal to stay the case to "'wait and see' whether constitutional violations occur at . . . future graduations," observing that "[i]t is neither prudent nor within this Court's power to preside over an abstract argument that may someday become justiciable." *Id.*

*Daves* and *RRISD* track the facts at bar. In both cases, the plaintiffs challenged the policies of a political subdivision of the State of Texas, and the state legislature enacted a new law that effectively barred those policies and afforded the plaintiffs the relief they sought through litigation. Further, the courts in both cases rejected the arguments advanced by Prof. Lowery. *See* Dkt. 29 at 2–3. The voluntary cessation doctrine, as its name implies, has no application where the purported "cessation" is compelled by the actions of a third party. *See Daves*, 64 F.4th at 634; *see also Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 527–28 (5th Cir. 2008); *cf. Holloway v. City of Va. Beach*, 42 F.4th 266, 275 (4th Cir. 2022); *ABA v. FTC*, 636 F.3d 641, 648 (D.C. Cir. 2011). Likewise, speculation that the defendant state actors may not comply with the new law in the future does not overcome

- 4 -

mootness. *See RRISD*, 540 F. Supp. 2d at 745–46; *see also Amawi v. Paxton*, 956 F.3d 816, 821–22 (5th Cir. 2020); *Yarls*, 905 F.3d at 910–11. Nor does the prospect of recovering nominal damages—even when, unlike here, a plaintiff prays for that relief. *See RRISD*, 540 F. Supp. 2d at 746; *see also Ward v. Santa Fe ISD*, 34 F. App'x 150, 150 (5th Cir. 2002).[2]

As to ripeness, Fifth Circuit law instructs that dismissal is appropriate when a case is "abstract or hypothetical," as when "the purported injury is 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all.'" *Lopez v. City of Houston*, 617 F.3d 336, 341–42 (5th Cir. 2010). TAMU, like all other public universities in Texas, is evaluating its policies, offices, and operations to ensure compliance with the new Section 51.3525 of the Texas Education Code. *See* Ex. 1. Thus, setting aside the lack of any hardship to Plaintiff from deferring resolution, "this case's fitness for judicial review" would benefit from "[f]urther factual development," particularly given Plaintiff's theory of discrimination. *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 547 (5th Cir. 2008); *see also Veasey v. Abbott*, 796 F.3d 487, 497 n.7 (5th Cir. 2015) (issue of effect of new state law was unripe where agency had yet to release implementing regulations), *vacated in part on other grounds*, 830 F.3d 216 (5th Cir. 2016) (en banc); *Tex. Democratic Party v. Scott*, 617 F. Supp. 3d 598, 606–07 (W.D. Tex. 2022) (declining to "analyze policies and laws that have not been enacted" or evaluate the effect of pandemic conditions on future elections); *cf. Daves*, 64 F.4th at 634–35; *RRISD*, 540 F. Supp. 2d at 745–46.

In sum, Plaintiff's claims are non-justiciable and should be dismissed.

---

[2] In fact, Plaintiff has denied as much. *See* Dkt. 25 at 8 ("The relief that Mr. Lowery requests is prospective in nature, and he is not seeking money damages or retrospective relief.").

Dated: June 30, 2023

Respectfully submitted,

*/s/ M. Carter Crow*
M. Carter Crow
State Bar No.  05156500
carter.crow@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:   (713) 651-5151
Facsimile:   (713) 651-5246

Attorney-in-Charge for Defendants Texas A&M University, M. Katherine Banks, Alan Sams, Annie S. McGowan, and N.K. Anand

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
Layne E. Kruse
State Bar No.  11742550
layne.kruse@nortonrosefulbright.com
Paul Trahan
State Bar No.  24003075
paul.trahan@nortonrosefulbright.com
Ryan Meltzer
State Bar No.  24092821
ryan.meltzer@nortonrosefulbright.com
Jesika Silva Blanco
State Bar No.  24098428
jesika.blanco@nortonrosefulbright.com

## **CERTIFICATE OF WORD COUNT**

Pursuant to Rule 18(c) of this Court's Procedures, I hereby certify that, according to Microsoft Word, Defendants' Supplemental Brief on Justiciability contains 1,664 words, exclusive of the case caption, signature block, and certificates.

*/s/ M. Carter Crow*
M. Carter Crow

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.3, I hereby certify that Defendants' Supplemental Brief on Justiciability has been served on all parties today, June 30, 2023, via CM/ECF.

*/s/ M. Carter Crow*
M. Carter Crow