UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Richard Lowery**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Texas A&M University System**, et al.,<br><br>Defendants. | Civil Action No. 4:22-cv-3091<br><br>Judge Charles Eskridge |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM ON JUSTICIABILITY

The defendants' opening brief in support of their motion to dismiss presented a facial and not a factual challenge to the Court's subject-matter jurisdiction, as it attacked only the sufficiency of Mr. Lowery's allegations rather than the truth of those allegations. *See* Mot. to Dismiss, ECF No. 22, at 6–11; *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (explaining distinction between "facial" and "factual" attacks under Rule 12(b)(1)). Only in a factual Rule 12(b)(1) challenge is a plaintiff obligated to "prove" subject-matter jurisdiction "by a preponderance of the evidence."[1] *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) ("[A] 'factual attack' under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.").

---

1. Reply Br. in Support of Mot. to Dismiss, ECF No. 26, at 1 ("Under Rule 12(b)(1), Plaintiff must prove federal jurisdiction by a preponderance of the evidence.").

The defendants did not suggest that they might be raising a *factual* challenge to subject-matter jurisdiction until their reply brief, which asserted (for the first time) that Mr. Lowery needed to "prove" (and not merely allege) subject-matter jurisdiction "by a preponderance of the evidence," and requested "an evidentiary hearing to test" Mr. Lowery's factual assertions. *See* Reply Br. in Support of Mot. to Dismiss, ECF No. 26, at 1, 7. But a court cannot resolve a factual challenge to its subject-matter jurisdiction without first affording the plaintiff an opportunity for discovery into the facts relevant to jurisdiction:

> It is true that the factual determinations decisive of a motion to dismiss for lack of jurisdiction are within the court's power, and that no right to a jury trial exists with regard to such issues. But still the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.

*Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981).

The defendants' mootness argument also requires that Mr. Lowery be allowed an opportunity for discovery before this Court determines whether the defendants have carried their "heavy" burden of demonstrating mootness. *See Los Angeles County v. Da*vis, 440 U.S. 625, 631 (1979) ("The burden of demonstrating mootness 'is a heavy one.'" (quoting *United States v. W. T. Grant Co.*, 345 U.S. 629, 632–33 (1953)). It is not enough for the defendants to point to the enactment of SB 17 and claim that the mere existence of that law eliminates the Article III injuries that Mr. Lowery described in his first amended complaint, because Mr. Lowery denies that the defendants intend to comply with SB 17. *See* Response to Defs.' Notice of Supp. Authority, ECF No. 29, at 2. The defendants have flouting for decades the explicit non-discrimination provisions in Title VI and Title IX, which outlaw race and sex

discrimination at universities that receive federal funds. *See* 42 U.S.C. § 2000d (Title VI) ("No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."); 20 U.S.C. § 1681 (Title IX) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . ."). The defendants have produced nothing in the way of affidavits or evidence showing that they will comply with SB 17's anti-discrimination provisions. Nor have they explained why they intend to comply with the provisions of SB 17 that do nothing more than repeat the anti-discrimination requirements of federal law that the defendants have been violating for decades.

Indeed, even without the benefit of discovery, Mr. Lowery has already uncovered evidence that casts doubt on whether the university will implement the color-blind and sex-neutral hiring practices required by SB 17. Texas A&M's Office for Diversity *still* boasts on its website that intends to consider race and sex in faculty hiring, as provided in Texas A&M's 2020–2025 Strategic Plan. Its website states that the university will:

- In new hires, increase by 100% the diversity of our faculty to better reflect the diversity of our student body.

- Increase by 50% the retention of women faculty on the tenure track to better reflect the diversity of our student body.

https://diversity.tamu.edu/Home/Strategic-Planning (last visited on June 30, 2023); *see also* Exhibit 1. This remains on the university's website even after Governor Abbott signed SB 17 into law.

In addition, when Governor Abbott issued a directive in February of 2023 that prohibited universities from requiring "diversity statements" from faculty candidates, defendant Annie McGowan announced at a faculty senate meeting on February 14, 2023, that the university would circumvent the governor's directive by asking faculty candidates to address diversity in their "teaching and research statements" instead:

> We're looking for actual evidence, it's an evidence-based approach to the work that the person has done. Therefore, it is not necessary that we have a diversity statement per se to do the work, if we ask for the candidate to reflect on that work in their teaching and research statement.

https://mediasite.tamu.edu/Mediasite/Play/5ca182bfdcf648c4af46eb37a2afc8be1d (McGowan's statement begins at 30:33 of the video).

Worse, when Chancellor Sharp issued an order in February banning the use DEI statements in faculty hiring in response to the governor's directive, the university continued to encourage the use of DEI statements in faculty statements but hid its evasion of the governor's directive by deleting incriminating materials from its website and moving them to a password-protected training manual available only to A&M employees. *See* Scott Yenor, *DEI by Any Other Name Still Stinks: Administrators at Texas A&M try to bury their woke hiring agenda*, The American Mind (February 22, 2023), available at https://americanmind.org/salvo/dei-by-any-other-name-still-stinks (last visited on June 30, 2023) (attached as Exhibit 2). The university also recently hired an exceedingly pro-DEI individual from the New York Times to direct its new journalism program. *See* Valerie Muñoz, *Aggies Hire NY Times 'Diversity' Advocate To Head Journalism Program*, Texas Scorecard ( June 15, 2023), available at https://texasscorecard.com/state/aggies-hire-ny-times-diversity-advocate-to-head-

journalism-program (last visted on June 30, 2023) (attached as Exhibit 3). These are not the actions of a university that intends to implement colorblind and sex-neutral hiring practices in response to SB 17, and we expect that discovery will uncover more damaging evidence to the university's position.

Mr. Lowery is entitled to take discovery on whether and to what extent the defendants intend to comply with SB 17's prohibitions on race and sex discrimination in faculty hiring, and Texas A&M must *prove* its intent to comply rather than waving SB 17 like a flag. A dismissal for mootness would be premature absent an opportunity for discovery and the required proof from the defendants. The Court should allow the parties to begin discovery regarding these jurisdictional issues as soon as possible.

## CONCLUSION

The motion to dismiss should be denied, and the Court should authorize the parties to take discovery regarding the disputed jurisdictional issues.

Respectfully submitted.

Gene P. Hamilton
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721 (phone)
gene.hamilton@aflegal.org

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Attorney in Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff and the Proposed Class*

Dated: June 30, 2023

## CERTIFICATE OF SERVICE

I certify that on June 30, 2023, I served this document through CM/ECF upon:

M. Carter Crow
Layne E. Kruse
Paul Trahan
Ryan Meltzer
Jesika Silva Blanco
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 (phone)
(713) 651-5246 (fax)
carter.crow@nortonrosefulbright.com
layne.kruse@nortonrosefulbright.com
paul.trahan@nortonrosefulbright.com
ryan.meltzer@nortonrosefulbright.com
jesika.blanco@nortonrosefulbright.com

*Counsel for Defendants*

                                                   /s/ Jonathan F. Mitchell
                                                  Jonathan F. Mitchell
                                                  *Counsel for Plaintiff and the Proposed Class*