**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RICHARD LOWERY, on behalf of himself and others similarly situated, § § § § Plaintiff, § § v. § § TEXAS A&M UNIVERSITY; M. KATHERINE BANKS, in her official capacity as President of Texas A&M University; ALAN SAMS, in his official capacity as Interim Provost and Vice President for Academic Affairs for Texas A&M University; ANNIE S. MCGOWAN, in her official capacity as Vice President and Associate Provost for Diversity at Texas A&M University; and N.K. ANAND, in his official capacity as Vice President for Faculty Affairs at Texas A&M University, § § § § § § § § § § § § § § § § Defendants. § | Civil Action No. 4:22-cv-3091 |

**DEFENDANTS' SUPPLEMENTAL RESPONSE BRIEF ON JUSTICIABILITY**

| | |
|---|---|
| PAUL D. TRAHAN<br>RYAN E. MELTZER<br>NORTON ROSE FULBRIGHT US LLP<br>98 San Jacinto Blvd., Suite 1100<br>Austin, Texas 78701 | M. CARTER CROW<br>LAYNE E. KRUSE<br>JESIKA SILVA BLANCO<br>NORTON ROSE FULBRIGHT US LLP<br>1301 McKinney, Suite 5100<br>Houston, Texas 77010 |

The Court's May 31 order was clear and direct: In view of the passage of S.B. 17, the parties were to advise the Court of "whether they wish to submit supplemental briefing on *the impact of the new law on the jurisdictional issues in this case*." Dkt. 30 at 1–2 (emphasis added). Despite this directive, Plaintiff's supplemental memorandum opens with an effort to relitigate Plaintiff's standing, then proceeds to cite one case on the "burden of demonstrating mootness" before presenting the Court with a selective excerpt from a Faculty Senate discussion that *predates* S.B. 17, an online article from *The American Mind* that *also predates* S.B. 17, and another online article about TAMU hiring a new journalism head who previously had served as a senior editor at *The New York Times*. *See* Dkt. 34 at 1–2, 3–5. Plaintiff's submission presents no grounds to delay dismissal.

At the outset, Plaintiff's position on resolving Defendants' Rule 12(b)(1) motion is both factually and legally erroneous. Factually, Plaintiff contends that Defendants' opening brief "presented a facial and not a factual challenge" to subject-matter jurisdiction, and it was only in reply that Defendants "asserted (for the first time) that Mr. Lowery needed to 'prove' (and not merely allege) subject-matter jurisdiction." *Id.* at 1, 2. The record plainly indicates otherwise. Defendants' opening brief attached *six* substantive exhibits that attacked the factual basis of Plaintiff's claimed Article III injury and argued, with citations to case law, that those materials were properly before the Court under Rule 12(b)(1). *See* Dkt. 22 at 3 n.1, 6 n.4. If that were not clear enough, under the heading "Legal Standards," the brief quoted a Fifth Circuit decision that uses the exact language Plaintiff says appeared "for the first time" in reply: "When defendants 'factually' attack standing by offering evidentiary materials, *the plaintiff 'must prove the existence of subject-matter jurisdiction*

- 1 -

*by a preponderance of the evidence'* and is 'obliged to submit facts through some evidentiary method to sustain his burden.'" *Id.* at 8 (quoting *Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)) (emphasis added). And any conceivable doubt on that front was dispelled by Plaintiff himself, who acknowledged that the "motion *must be construed as a 'factual' attack* because [Defendants] deny the truth of the complaint's allegations and rely on evidence outside the pleadings." Dkt. 25 at 3 n.5 (emphasis added).[1] Indeed, he submitted a sworn declaration in support of his allegations. Dkt. 25-1. Plaintiff can hardly claim surprise or a newfound need for discovery.

Legally, Plaintiff makes the categorical assertion that "a court cannot resolve a factual challenge to its subject-matter jurisdiction without first affording the plaintiff an opportunity for discovery." Dkt. 34 at 2. Plaintiff's reliance on *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981), is misplaced. The Court there never purported to announce a bright-line rule about the need for discovery on any factual attack under Rule 12(b)(1). Nor could it have: There was already a voluminous record in the case, created to resolve a jurisdictional issue bound inextricably with the merits—whether certain transactions fell within the scope of the federal securities laws. *See Williamson*, 645 F.2d at 410, 412–14. In any event, the Fifth Circuit's words are no aid to Plaintiff: "[T]he district court must give the plaintiff an opportunity for discovery and for a hearing *that is appropriate to the nature of the motion to*

---

[1] On this the parties agree. A defendant initiates a factual attack on subject-matter jurisdiction simply by "submit[ting] evidence together with the argument contesting jurisdiction," and the Court "then isn't limited to the facts pleaded in the complaint, but instead has discretion to consider any evidence submitted by the parties, such as affidavits, testimony, and documents." *The Satanic Temple Inc. v. Young*, No. 4:21-CV-387, 2023 WL 4317185, at *3 (S.D. Tex. July 3, 2023) (Eskridge, J.).

*dismiss.*" *Id.* at 414 (emphasis added). As the Court explained in the next paragraph, context matters: "Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts *in a manner that is adequate in the context of the disputed issues and evidence*." *Id.* (emphasis added).

Here, the "disputed issues" raised by Defendants' Rule 12(b)(1) motion all relate to Plaintiff's standing and the ripeness of his claims. Yet Plaintiff has never provided any indication of the discovery he supposedly needs. That failure is dispositive. "The party seeking discovery bears the burden of showing its necessity." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 386 (5th Cir. 2020) (quoting *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)). And "[a] plaintiff should be ready to present some amount of basic jurisdictional evidence, or at least raise an inference that further discovery will uncover such evidence, from the outset of litigation." *Id.* Given that Defendants have contested the factual grounds for Plaintiff's claims of injury, including his qualifications for any open position at TAMU, the evidence bearing on these issues will, by definition, be within his own grasp. *See id.* at 385–86 (district court did not err in denying discovery, nor would court of appeals remand, where appellant "has not shown why it needed further discovery or what material evidence further discovery could have produced that was not already available to it").[2]

Plaintiff's mootness argument, which amounts to inflammatory speculation that TAMU will disobey S.B. 17, fares no better. While Plaintiff now avoids invoking voluntary

---

[2] Plaintiff's recent citation to *303 Creative LLC v. Elenis*, No. 21-476 (U.S. 2023), is unavailing. *See* Dkt. 35. That case applied the distinct standing test for a pre-enforcement challenge to a statute, and the parties there did not dispute that the plaintiff faced a "credible threat" of enforcement. *303 Creative*, slip op. at 3, 5.

- 3 -

cessation—a departure from his original submission, *see* Dkt. 29 at 2–3—the doctrine remains the implicit foundation of his opposition. Under the en banc Fifth Circuit's holding in *Daves v. Dallas County, Texas*, 64 F.4th 616 (5th Cir. 2023), however, this is not a voluntary cessation case. *See* Dkt. 33 at 3–4.

Even were the Court to disagree, the result would be the same. A long line of Fifth Circuit precedent holds that state officials are entitled to "a presumption of good faith" when assessing whether a change in law that halts the conduct challenged in litigation renders the case moot. *See, e.g.*, *U.S. Navy SEALs 1–26 v. Biden*, --- F.4th ----, 2023 WL 4362355, at *5 (5th Cir. July 6, 2023); *Yarls v. Bunton*, 905 F.3d 905, 910–11 (5th Cir. 2018); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009). Plaintiff effectively urges the Court to invert that presumption by demanding "affidavits or evidence" that TAMU *will* comply with state law. Dkt. 34 at 3. But Plaintiff ignores Exhibit 1 to Defendants' supplemental brief, which confirms that TAMU is actively reviewing its policies for compliance with the new statute. *See* Dkt. 33-1; *see also* Meltzer Decl. Ex. 1. That memorandum, dated June 26, 2023, announces "a Systemwide Ethics and Compliance Program Review" of "the processes and procedures relating to State and Federal EEO laws and DEI Compliance with SB 17," in accordance with the Chancellor's directive that the TAMU System "achieve compliance with SB 17 by September 1, 2023." Dkt. 33-1. That is more than enough to justify the dismissal of a lawsuit against a government entity after a new law is passed, as the Fifth Circuit squarely held last week. *See U.S. Navy SEALs 1–26*, --- F.4th ----, 2023 WL 4362355, at *3–4, *5–6 (appeals from injunctions against Navy

vaccine mandate were moot because Congress since enacted a statute directing the Secretary of Defense to rescind the mandate, and the Navy complied and issued new policies).

Plaintiff's purported "evidence" neither overcomes the presumption of good faith accorded to TAMU nor supports Plaintiff's plea for discovery. First, it is wholly irrelevant that TAMU's 2020–2025 Strategic Plan—launched in 2020, as the name implies—remains visible on the university's website, Dkt. 34 at 3, as S.B. 17 takes effect in five months and even TAMU's target date for compliance is still two months away. Second, Plaintiff presents a misleading excerpt of Dr. McGowan's remarks, which, in any event, bear no connection to S.B. 17 because the meeting in question took place four months before the statute's enactment. *Id.* at 4. In fact, the very comments by Dr. McGowan that Plaintiff *omits* thoroughly refute his argument: "Well, I think the point of the Diversity Statement has been misconstrued, generally. That in the Diversity Statement, we are not looking, or nor do we use information where the person describes their own ethnicity or identity." *See* Meltzer Decl. Ex. 2 at 2. Third, even setting aside Plaintiff's source—a dated online article in *The American Mind* that is textbook hearsay—the allegation that a TAMU training manual complied with the letter but not the spirit of the Chancellor's directive on DEI statements is no evidence that TAMU, as a matter of official policy, intends to flout *a new state law*. Dkt. 34 at 4. Finally, Plaintiff's criticism of TAMU's decision to hire Professor McElroy—an Aggie with a distinguished journalism career of more than 40 years—based on her past comments on DEI misses the mark. *Id.* at 4–5. Not only is it Plaintiff, ironically, who proposes an ideological litmus test for new hires, but Professor McElroy has since decided not to join TAMU. *See* Meltzer Decl. Ex. 3. This case should be dismissed forthwith.

Dated: July 12, 2023

Respectfully submitted,

*/s/ M. Carter Crow*

   M. Carter Crow
   State Bar No.  05156500
   carter.crow@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:   (713) 651-5151
Facsimile:    (713) 651-5246

Attorney-in-Charge for Defendants Texas A&M University, M. Katherine Banks, Alan Sams, Annie S. McGowan, and N.K. Anand

OF COUNSEL
NORTON ROSE FULBRIGHT US LLP
Layne E. Kruse
State Bar No.  11742550
layne.kruse@nortonrosefulbright.com
Paul Trahan
State Bar No.  24003075
paul.trahan@nortonrosefulbright.com
Ryan Meltzer
State Bar No.  24092821
ryan.meltzer@nortonrosefulbright.com
Jesika Silva Blanco
State Bar No.  24098428
jesika.blanco@nortonrosefulbright.com

## **CERTIFICATE OF WORD COUNT**

Pursuant to Rule 18(c) of this Court's Procedures, I hereby certify that, according to Microsoft Word, Defendants' Supplemental Response Brief on Justiciability contains 1607 words, exclusive of the case caption, signature block, and certificates.

*/s/ M. Carter Crow*
M. Carter Crow

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.3, I hereby certify that Defendants' Supplemental Response Brief on Justiciability has been served on all parties today, July 12, 2023, via CM/ECF.

*/s/ M. Carter Crow*
M. Carter Crow