DocuSign Envelope ID: D8B51563-2F33-4385-A705-7FF479559DA5

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Richard Lowery**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Texas A&M University**, et al.,<br><br>Defendants. | Case No. 4:22-cv-03091 |

## DECLARATION OF ADAM KOLASINSKI

1. My name is Adam Kolasinski. I am over the age of 18 and fully competent in all respects to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I am a tenured Professor of Finance at the Mays Business School at Texas A&M University, holder of the James W. Aston Republic Bank endowed professorship in Finance, and I serve as a member of the Texas A&M faculty senate.

4. The document attached as Exhibit 1 to this notice is an authentic copy of my faculty reappointment letter for the 2023–2024 academic year, which is dated July 31, 2023. It has been redacted to exclude my salary, raise and teaching load.

5. In the section of the letter entitled "Effort Assigned," I am expected to "contribute" to "Texas A&M diversity and inclusion goals." The university's website, in turn, says that its diversity-and-inclusion goals are "[i]n new hires, [to] increase by 100% the diversity of our faculty to better reflect the diversity of our student body" and to "increase by 50% the retention of women faculty on the tenure track to better reflect the diversity of our student body."

6. The upshot is that I am contractually obligated to discriminate against white or Asian men in faculty-hiring decisions as a condition of my continued employment as a tenured professor at Texas A&M, despite the illegality of these practices under both state and federal law.

7. Reappointment letters issued by my department before the Banks administration took office did not require any contributions toward diversity-and-inclusion "goals."

8. It is astounding that the university continues to include this language in faculty reappointment letters after the enactment of Senate Bill 17 and the Supreme Court's ruling in *Students for Fair Admissions*. But this behavior is entirely to be expected of a university administration that has no intention of complying with the law or the Court's decision.

This concludes my sworn statement. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/1/2023

Adam Kolasinski