**Richard Lowery**, on behalf of himself and others similarly situated,

Plaintiff,

v.

**Texas A&M University System**, et al.,

Defendants.

Civil Action No. 4:22-cv-3091

Judge Charles Eskridge

### Reply Brief In Support Of Plaintiff Richard Lowery's Motion For Leave To File Second Amended Complaint

A court must "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). And the defendants must identify a "substantial reason to deny leave to amend" to defeat Mr. Lowery's motion. *See Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."); *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (same).[1] The types of reasons that qualify as "substantial" are those set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

---

1. *See also Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) ("[T]he district court must have a 'substantial reason' to deny a request for leave to amend."); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) ("[T]he district court's discretion does not permit denial of a motion to amend unless there is a substantial reason to do so."); *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 194 (5th Cir. 1985) ("Discretionary

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at 182; *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) ("We have uniformly applied this [*Foman v. Davis*] standard in reviewing district court decisions denying leave to amend."). So the defendants must invoke a reason akin to one of the factors listed in *Foman*, such as:

- Undue delay;
- Bad faith or dilatory motive on the part of the movant;
- Repeated failure to cure deficiencies in previous amendments;
- Undue prejudice to the defendants; or
- Futility of amendment.

*Id*; *see also Mayeaux v. Louisiana Health Service & Indemnity Co.*, 376 F.3d 420, 425 (5th Cir. 2004) ("'[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" (citations and footnotes omitted)); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999) ("'[U]nless there is a substantial reason,' such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" (citation omitted)); *Robertson v. Intratek Computer, Inc.*, 976 F.3d 575, 584 (5th Cir. 2020) ("Valid justifications [to deny leave to amend] include undue delay, bad faith, and dilatory motive. The district court also

---

denial of leave to amend must be based on a 'substantial reason'" (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 546 (5th Cir. 1983)).

may consider 'whether the facts underlying the amended complaint were known to the party when the original complaint was filed.'" (citations omitted)). The defendants must also overcome a presumption in favor of granting leave to amend. *See Mayeaux*, 376 F.3d at 425 ("[D]istrict courts must entertain a presumption in favor of granting parties leave to amend.").

The defendants do not acknowledge any of this. They never cite *Foman v. Davis*, they never acknowledge the presumption in favor of granting leave to amend, and they do not mention their obligation to present a "substantial reason" for denying leave to amend — let alone attempt to meet that demanding burden. Many of their arguments are ad hominem and have no relevance to the factors that this Court must consider under *Foman* and the rulings of the Fifth Circuit. And none of their arguments provide a "substantial reason" for withholding leave to amend.

## I. The Defendants' Futility Arguments Are Without Merit

The defendants claim that the proposed amendments are futile because they are either irrelevant to mootness or "fail to overcome" the defendants' mootness argument. *See* Defs.' Br., ECF No. 42, at 1, 3–5, 7–8. None of their arguments hold water.

The defendants observe that the doctrine of mootness "generally implicates *post-filing* events,"[2] but Texas A&M's behavior before and after the filing of Mr. Lowery's complaint — and its demonstrated insouciance toward pre-existing statutory prohibitions on racial discrimination — has relevance to whether the defendants intend to comply with SB 17 and *Students for Fair Admissions*. In all events, many (if not most) of the new facts alleged in the proposed second amended complaint relate to Texas A&M's post-filing behavior, including events that post-date the passage of

---

2. *See* Defs.' Br., ECF No. 42, at 1.

SB 17. *See, e.g.*, Proposed Second Amended Complaint, ECF No. 37-1, at ¶ 51 ("SB 17 has not yet taken effect, and the governing board of Texas A&M has not taken steps to ensure that the defendants stop discriminating on account of race or sex in faculty hiring and compensation."); *id.* at ¶ 52 ("[T]he defendants intend to continue using race and sex preferences in faculty hiring despite the enactment of SB 17 and the announcement of the ruling in *Students for Fair Admissions*, and they will continue doing so unless and until they are enjoined by the Court."); *id.* at ¶ 53 ("Texas A&M *still* boasts on its website that intends to consider race and sex in faculty hiring"); *id.* at ¶ 56 ("In June of 2023, the university hired Kathleen McElroy, an exceedingly pro- DEI individual . . . to direct its new journalism program."); *but see* Defs.' Br., ECF No. 42, at 1 (falsely asserting that proposed second amended complaint "relies entirely on innuendo and events *predating* the passage of Senate Bill 17."); *id.* at 4 (falsely asserting that "proposed new allegations all ultimately concern events that occurred long before Senate Bill 17 and *Students for Fair Admission*").

The defendants' claim that we "never . . . explain why it is necessary to add factual allegations to his complaint concerning such post-filing developments" is patently false. We explained in our motion that the defendants are invoking post-filing developments (such as the enactment of SB 17 and the Supreme Court's ruling in *Students for Fair Admissions*) to argue that the case has become moot, and that Mr. Lowery did not have a previous opportunity to allege facts relevant to mootness because SB 17 and *Students for Fair Admissions* had not occurred and no mootness arguments were being made when Mr. Lowery filed his first amended complaint in December. *See* Mot., ECF No. 37, at 1. The defendants' claim that the pleadings

"have no role" in mootness analysis is equally false. Facts in the plaintiffs' complaint are assumed true, and the defendant must prove the mootness-related allegations false before it can obtain a mootness dismissal. *See Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979) ("The burden of demonstrating mootness 'is a heavy one.'" (citation omitted)).

The defendants deny that *Students for Fair Admissions* has any relevance to this case,[3] but the holding of *Students for Fair Admissions* is equally applicable to faculty hiring (do the defendants think otherwise?), and even if it weren't the plaintiff should still be granted leave to address the effects of SB 17 and the defendants' mootness arguments. The defendants are equally wrong to assert that the allegations in the proposed second amended complaint are "temporally disconnected from the mootness analysis." Defs.' Br., ECF No. 42, at 4. The mootness analysis is triggered by enactment of SB 17 and the ruling in *Students for Fair Admissions*. The issue is whether Texas A&M will comply with the new statute and court ruling. *Any* facts relevant to the university's intent to comply are relevant to the mootness analysis, regardless of when they occurred.

## II. The Defendants' Attacks On The Plaintiffs' Notices To The Court Are Baseless

The defendants criticize the notices to the Court that Mr. Lowery filed on July 23, July 27, and August 1 (Docket Entries 39, 40, and 41). *See* Defs.' Br., ECF No. 42, at 5–6. But attorneys have an ethical obligation to supplement the record with newly discovered facts that *might* have relevance to mootness—and they are obligated to bring such facts to the Court's attention "without delay." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 66 n.23 (1997) (rebuking counsel for failing

---

3. *See* Defs.' Br., ECF No. 42, at 3.

to promptly alert court to factual developments related to mootness); *id.* ("It is the duty of counsel to bring to the federal tribunal's attention, '*without delay*,' facts that may raise a question of mootness." (emphasis in original)). The defendants' suggestion that counsel acted improperly is not only ad hominem but disregards the heightened duty of candor that lawyers have in promptly bringing jurisdictional facts to the Court's attention—a duty that all attorneys share as officers of the Court. Their claim that the plaintiffs' notices should be struck for violating the Court's rule against surreplies is equally groundless. The notices were not responding (or attempting to respond) to anything in the defendants' previous court filings, but were presenting new factual information relevant to the Court's jurisdiction—facts that counsel was ethically obligated to bring to the Court's attention "without delay." *Id.* And the defendants' insinuation that Mr. Lowery and his counsel previously knew of the facts in Adam Kolasinski's declarations and deliberately concealed them for strategic reasons[4] is ad hominem and false. *See* Declaration of Jonathan F. Mitchell ¶¶ 4–7 (attached at Exhibit 1); Declaration of Richard Lowery ¶¶ 4–7 (attached as Exhibit 2).

---

4. *See* Defs.' Br., ECF No. 42, at 5 n.2 ("All of Plaintiff's 'new' information, it follows, was readily available to Plaintiff well before he *first* amended his complaint—from a source who apparently wants to litigate his own grievances by proxy—and Plaintiff is strategically bringing it forward now in an effort to stave off dismissal."); *id.* at 5 ("[A]ll of this information was available to Plaintiff well before he filed his First Amended Complaint").

The defendants also question the credibility of Professor Kolasinki's declarations and their supporting evidence,[5] but facts alleged in a proposed amended complaint are presumed true, and the defendants' attacks on Professor Kolasinski and the plaintiffs' evidence are no reason to deny leave to amend. The defendants will have every opportunity to contest the facts that the plaintiffs are asserting—including deposing Professor Kolasinski if necessary—but they cannot preemptively deprive the plaintiffs of the opportunity to allege or prove these facts by declaring them false or unreliable.

Finally, the plaintiffs cannot obtain a justiciability dismissal by invoking "the rapidly changing landscape at the university that renders Plaintiff's claims unripe and renders judicial intervention especially inappropriate." Defs.' Br., ECF No. 42, at 5–6. The Court must make factual determinations before accepting the defendants' characterization of the situation, and it cannot do so when the factual record is undeveloped and the defendants have failed to present sworn declarations or actual evidence showing the university's intent to comply with SB 17.

* * *

The defendants' brief does not invoke or even gesture toward any other *Foman v. Davis* factor apart from futility and bad faith/dilatory motive. Their filing falls well short of establishing that the proposed amended complaint would be futile, or that the plaintiffs engaged in "gamesmanship and undue delay." Defs.' Br., ECF No. 42, at 8. Neither of these grounds provides a "substantial reason" to deny leave to amend, and neither overcomes the presumption in favor of granting leave.

---

5. *See* Defs.' Br., ECF No. 42, at 4 (describing Kolasinski's declarations as "rife with hearsay and speculation"); *id.* at 5 (accusing the plaintiffs' notices of "relying entirely on innuendo, hearsay, and carefully redacted correspondence").

# CONCLUSION

The motion for leave to file a second amended complaint should be granted.

Respectfully submitted.

/s/ Jonathan F. Mitchell

| | |
|---|---|
| Gene P. Hamilton | Jonathan F. Mitchell |
| Virginia Bar No. 80434 | *Attorney in Charge* |
| Vice-President and General Counsel | Texas Bar No. 24075463 |
| America First Legal Foundation | S.D. Tex. Bar No. 1133287 |
| 300 Independence Avenue SE | Mitchell Law PLLC |
| Washington, DC 20003 | 111 Congress Avenue, Suite 400 |
| (202) 964-3721 (phone) | Austin, Texas 78701 |
| gene.hamilton@aflegal.org | (512) 686-3940 (phone) |
| | (512) 686-3941 (fax) |
| | jonathan@mitchell.law |
| | |
| | *Counsel for Plaintiff and* |
| Dated: August 14, 2023 | *the Proposed Class* |

# CERTIFICATE OF WORD COUNT

I certify that this motion contains 1,993 words.

          <u>/s/ Jonathan F. Mitchell</u>
          Jonathan F. Mitchell
          *Counsel for Plaintiff and the Proposed Class*

# CERTIFICATE OF SERVICE

I certify that on August 14, 2023, I served this document through CM/ECF upon:

M. Carter Crow
Layne E. Kruse
Paul Trahan
Ryan Meltzer
Jesika Silva Blanco
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 (phone)
(713) 651-5246 (fax)
carter.crow@nortonrosefulbright.com
layne.kruse@nortonrosefulbright.com
paul.trahan@nortonrosefulbright.com
ryan.meltzer@nortonrosefulbright.com
jesika.blanco@nortonrosefulbright.com

*Counsel for Defendants*

                                                    /s/ Jonathan F. Mitchell
                                                   Jonathan F. Mitchell
                                                   *Counsel for Plaintiff and the Proposed Class*