# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
*November 21, 2024*
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
October 30, 2024
Lyle W. Cayce
Clerk

No. 23-20481

RICHARD LOWERY,

*Plaintiff—Appellant*,

versus

TEXAS A&M UNIVERSITY; ANNIE S. MCGOWAN; N. K. ANAND; MARK A. WELSH, III, *Interim President of Texas A&M University*; ALAN SAMS,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3091

---

Before JONES, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Professor Richard Lowery is tenured at the University of Texas at Austin. He filed this case against Texas A&M University and several of its administrators, alleging that applicants for professorships are discriminated

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

against on the bases of race and sex. Lowery appeals an order from the district court that dismissed his claims for a lack of standing. The district court held alternatively that intervening legal developments rendered his claims moot and unripe. We AFFIRM that Lowery lacks standing to bring his claims at this time.

Professor Lowery says that he is "able and ready" to apply for lateral positions at the University. But he never submitted an application to substantiate his interest. That fact is fatal in this case because there is little evidence that submitting a job application would be a futile gesture. *See Carney v. Adams*, 592 U.S. 53, 66 (2020) (quoting *Teamsters v. United States*, 431 U.S. 324, 365–66 (1977)) (noting for purposes of standing that an employment discrimination plaintiff need not translate his "desire for a job … into a formal application" if doing so would be a "futile gesture").[1] Still, "[t]here is certainly time and place enough for Lowery to bring further action if Texas A&M continues what he believes to be unconstitutional hiring practices. And nothing here should be construed to preclude later action on future facts." *Lowery v. Texas A&M Univ.*, 696 F. Supp. 3d 272, 282 (S.D. Tex. 2023).

Lowery argues that he was entitled to jurisdictional discovery that the district court never granted. The only specifics that he expressed a desire to discover, however, pertained to issues of mootness. And those issues need

---

[1] Curiously, Lowery has already applied to the University of Florida despite its similar practices. His explanation is that he expects Florida to abolish those practices because its governor has pushed for higher education reform. Yet Texas has already enacted a law that purports to abolish the challenged practice at A&M. Tex. Educ. Code Ann. § 51.3525. Lowery fails to explain the discrepancy: He expects A&M to violate an enacted law, but he expects UF to comply with a hypothetical law. That discrepancy raises further doubt that Lowery is really "able and ready" to apply to A&M.

No. 23-20481

not be analyzed because his lack of standing resolves this litigation. For the foregoing reasons, the judgment of the district court is AFFIRMED.